94 F.3d 651
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HIGH TECHNOLOGY CAREERS, Plaintiff-Appellant,
v.
SAN JOSE MERCURY NEWS, Defendant-Appellee.
 No. 95-15592.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 11, 1996.
Decided Aug. 14, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 High Technology Careers ("HTC") appeals from a jury verdict determining that the San Jose Mercury News had valid business reasons for refusing to continue to accept inserts from HTC. HTC asserts that the verdict is tainted by two improper jury instructions and the refusal of the district court to allow into evidence the Mercury News's profit margins, the Parade Magazine contract, the Booz-Allen study, and arguments presented by the Mercury News in prior litigation. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 I. JURY INSTRUCTIONS
 
 3
 At trial, the Mercury News asserted that it had valid business reasons for refusing to accept HTC's preprinted inserts. HTC contended that the business reasons given by the newspaper were merely pretexual. The jury was instructed that HTC had the burden of proof to show that all of the reasons given by the Mercury News were pretexual.
 
 
 4
 HTC asserts that the instruction was improper because it failed to explain to the jury that some of the business reasons given by the Mercury News might not be legitimate even if the given business reasons were not pretexual. HTC also asserts that the jury should have been given HTC's proposed instruction regarding legitimate business reasons.
 
 
 5
 We hold that HTC did not properly object to the given instruction and, therefore, that HTC is barred from assigning the instruction as error. On December 14, 1994, in open court and out of the presence of the jury, the district court convened with counsel for the parties to go over the jury instructions page by page. When the instruction at issue was discussed, HTC's counsel objected. As the parties were discussing the merits of the objection with the court, and before the court ruled on HTC's objection, counsel for the Mercury News and HTC agreed to meet and create stipulated language on this matter. The court agreed that a stipulation might be in order. The parties met after the hearing was concluded and crafted a stipulated instruction in the handwriting of HTC's counsel which was submitted to the court clerk.
 
 
 6
 The next morning when the district court presented the parties with all of the proposed instructions--including the instruction at issue here and the additional language to which HTC had stipulated--the court asked for any objections. Counsel for HTC stated that he had no objections to any of the instructions. Because HTC did not present a proper objection to the instruction, it is barred from raising the issue on appeal. See Fed.R.Civ.P. 51; Kopczynski v. The Jacqueline, 742 F.2d 555, 560 (9th Cir.1984), cert. denied, 471 U.S. 1136 (1985).
 
 
 7
 We also find no merit in HTC's contention that the district court erred by not giving HTC's proposed instruction regarding potential revenue loss. Before the court ruled on the proposed instruction, the parties agreed to attempt to draft alternative language. They did so and offered the stipulated instruction above described, which the judge gave. Refusing to give the proposed instruction was not error for two reasons. First, the proposed instruction improperly stated the law by placing the burden of proof on the Mercury News. Second, the proposed instruction would have been duplicative of the stipulated instruction.
 
 II. EVIDENTIARY RULINGS
 
 8
 HTC also assigns error to four evidentiary rulings by the district court. Evidentiary rulings are reviewed for an abuse of discretion. Monotype Corp. v. International Typeface Corp., 43 F.3d 443, 448 (9th Cir.1994). After reviewing the evidence presented to the court, we are satisfied that all four of the trial judge's decisions were within the sound discretion of the district court.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3